﻿Citation Nr: AXXXXXXXX
Decision Date: 09/26/19 Archive Date: 09/26/19

DOCKET NO. 190416-9721
DATE: September 26, 2019

ORDER

Entitlement to service connection for a bilateral hearing loss disability is denied.

FINDINGS OF FACT

1. The preponderance of the evidence is against finding that a current right ear hearing loss disability is related to service.

2. The preponderance of the evidence of record is against finding that the Veteran has had a left ear hearing loss disability at any time during or approximate to the pendency of the claim.

CONCLUSION OF LAW

The criteria for service connection for a bilateral hearing loss disability are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309, 3.385.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Board notes that the rating decision on appeal was issued in July 2018. 

A statement of the case (SOC) was issued in April 2019. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). See VA Claims and Appeals Modernization, 84 Fed. Reg. 138, 171 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2400(c)(2)).

The Veteran had active service from January 1971 to January 1991.

Entitlement to service connection for a bilateral hearing loss disability 

The Veteran asserts that he has a hearing loss disability related to noise exposure during active service.

The AOJ found that the Veteran has a current right ear hearing loss disability and experienced military noise exposure.

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

Certain chronic diseases will be presumed related to service if they were shown as chronic (reliably diagnosed) in service; or, if they manifested to a compensable degree within a presumptive period following separation from service; or, if they were noted in service, with continuity of symptomatology since service that is attributable to the chronic disease. 38 U.S.C. §§ 1101, 1112, 1113, 1137; Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013); Fountain v. McDonald, 27 Vet. App. 258 (2015); 38 C.F.R. §§ 3.303, 3.307, 3.309.

For VA compensation purposes, impaired hearing will be considered a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

The question for the Board is whether the Veteran has a current hearing loss disability that began during service or is at least as likely as not related to an in-service injury, event, or disease. For the reasons that follow, the Board finds that service connection for a hearing loss disability is not warranted as it relates to either ear.

The Veteran’s DD Form 214s indicate that his military occupational specialty was ‘stock clerk.’ Based on the Veteran’s MOS and statement about noise exposure, the Board finds some in-service noise exposure is consistent with the place, type, and circumstances of his service. See 38 U.S.C. § 1154 (a).

The Veteran’s DD Form 214s show he had four consecutive periods of active duty. Service treatment records show he entered his first period of active duty with normal hearing according to a whispered voice test. A December 1974 reenlistment examination, which was conducted during the first period of active duty (with use of the ISO standard) did not reflect a hearing loss disability for VA purposes in either ear. However, an examination conducted in December 1982 during his second period of active duty shows a right hearing loss hearing loss disability per VA standards. Specifically, hearing thresholds were 50 db at 3000 Hz. See 38 C.F.R. § 3.385. Subsequent audio examinations in January 1984 and May 1987 did not reveal a hearing loss disability in either ear per VA standards. The November 1990 separation examination does not show a hearing loss disability, for the purpose of VA disability compensation, present in either ear.

There is no evidence of a diagnosed bilateral hearing loss disability for the purpose of VA disability compensation within a year of separation from service.

On the current authorized VA audiological evaluation in July 2018, pure tone thresholds, in decibels, were as follows:

 HERTZ 

 500 1000 2000 3000 4000

RIGHT 40 35 45 55 50

LEFT 25 35 25 25 35

Speech audiometry revealed speech recognition ability of 96 percent in both ears.

The examiner provided an unfavorable nexus opinion as it related to hearing loss in both ears. With respect to the right ear, the examiner opined that the current right ear hearing loss disability is not at least as likely as not related to an in-service injury, event, or disease, including the Veteran’s in-service noise exposure. The examiner explained that there was normal hearing according to VA standards on separation evaluation in November 1990, and the thresholds at that time were too low for any permanent significant threshold shift on hearing thresholds to have occurred from entrance. Significantly, the examiner indicated that this is evidence that there was no permanent auditory damage on active duty. The examiner also noted that there were no actual complaints of decreased hearing during service or at separation. The examiner further noted that although some noise exposure is conceded and a relationship between noise, auditory damage, and hearing loss is well-documented, auditory damage and hearing loss are not conceded based on noise alone. 

The examiner also determined that hearing loss in the left ear is not related to service.

The Board concludes that, while the Veteran has a current diagnosis of a right ear hearing loss disability, and evidence shows that military noise exposure during active service occurred, the preponderance of the evidence weighs against finding that the current disability is related to service. The examiner’s opinion in this regard is probative because it explained the reasoning for the conclusions and was based on an accurate and comprehensive review of the relevant evidence of record. Further, the Board finds the rationale sufficiently explains why the current hearing loss disability is not related to any noise exposure in service, and addresses the hearing loss noted on the 1982 evaluation, explaining that there was no permanent auditory damage shown in service. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

The Veteran believes his right ear hearing loss disability is related to in-service noise, but he is not competent to provide a nexus opinion regarding this question. The question is medically complex and therefore outside the competence of the Veteran. The record does not show that he has the medical training or credentials to make such a determination. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007); see also Kahana v. Shinseki, 24. Vet. App. 428 (2011). Consequently, the Board gives more probative weight to the July 2018 medical opinion. 

Further, the fact that the Veteran did not actually report having any problems related to hearing loss during service or at service separation or for many years post-service separation, further weighs against finding his current right ear hearing loss disability is related to service.

In short, the preponderance of the competent and probative evidence demonstrates that the Veteran’s current right ear hearing loss disability was not incurred in service and is not otherwise attributable to his military service.

With respect to the left ear, the Board concludes that the Veteran does not have a current diagnosis of a left ear hearing loss disability and has not had one at any time during the pendency of the claim or recent to the filing of the claim. Romanowsky v. Shinseki, 26 Vet. App. 289, 294 (2013); McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

The July 2018 examination was performed by an audiologist, who is competent to assess hearing loss disabilities. The audiometric test results do not show a current left ear hearing loss disability for VA compensation purposes. See 38 C.F.R. § 3.385. There is no competent medical evidence to the contrary. 

The Veteran is competent to describe impaired hearing, which is within the realm of his personal experience. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed.Cir. 2007). Nonetheless, determining whether a hearing loss disability exists, as defined by 38 C.F.R. § 3.385, is not a simple medical condition or determination because the diagnosis is based on results of audiology testing. A hearing loss disability according to the standard set forth in 38 C.F.R. § 3.385 is also not a condition under case law that has been found to be capable of lay observation. For these reasons, the Veteran, as a layperson, is not competent to state that his level of impaired hearing reaches the level of the legal standards of a hearing loss disability for the purpose of VA disability compensation under 38 C.F.R. § 3.385.

As the evidence fails to show a left ear hearing loss disability for VA purposes at any time during the current appeal, service connection for a left ear hearing loss disability is not warranted. See Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). 

In sum, the preponderance of the competent and probative evidence is against the claim. Service connection for a bilateral hearing loss disability is not warranted and the appeal must be denied.

 

 

D. JOHNSON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Lauritzen, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.